UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEJANDRO MARRERO, individually,

    Plaintiff,

v.                                                                                                          6:16-CV-615-ORL-28GJK

STELLAR RECOVERY, INC.,                                              **JURY DEMAND**
a Florida corporation,

    Defendant.
_____/

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Plaintiff ALEJANDRO MARRERO alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant STELLAR RECOVERY, INC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff ALEJANDRO MARRERO is a natural person and a citizen of the State of Florida, residing in Osceola County, Florida. Said Plaintiff is the sole owner, possessor, operator, and subscriber of cellular telephone and number that Defendant was calling.

6. Defendant STELLAR RECOVERY, INC. ("Stellar Recovery") is a debt buyer that purchases charged-off debts from creditors and pursues these debts from consumers and operates from principal offices located at 4500 Salisbury Road Suite 105, Jacksonville, FL 32216; Plaintiff further alleges that Stellar Recovery is a citizen of the State of Florida.

## FACTUAL ALLEGATIONS

7. Prior to the commencement of this action, Plaintiff began receiving automated telephone calls on her cellular telephone from Defendant Stellar Recovery.

8. Upon answering any of these calls, the Plaintiff was greeted by an automated, machine-operated voice that always spoke as follows:

> This is an important message for ALEJANDRO MARRERO. If this is ALEJANDRO MARRERO, please press 1 now. If this is not ALEJANDRO MARRERO, please press 2 now. Once again, if this is ALEJANDRO MARRERO, please press 1 now. If this is not ALEJANDRO MARRERO, please press 2 now. Once again, if this is AM, please press 1 now. If this is not ALEJANDRO MARRERO, please press 2 now.

9. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R.

559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

10. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

11. Defendant made the aforementioned telephone calls knowing that it was using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

12. Plaintiff incorporates paragraphs 1 through 11 herein.

13. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff ALEJANDRO MARRERO, requests that the Court enter judgment in favor of Plaintiff and against Defendant STELLAR RECOVERY, INC. for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

  c.  a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

  e.  litigation expenses and costs of the instant suit; and

  f.  such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 7th day of April, 2016.

        BRET L. LUSSKIN, Esq.
        *Attorney for Plaintiff*
        20803 Biscayne Blvd., Ste 302
        Aventura, FL 33180
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

  By: /s/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069